STATE of Missouri,
Plaintiff–Respondent,

v.

Timothy PERKINS,
Defendant–Appellant.

No. 56225.

Missouri Court of Appeals,
Eastern District,
Division One.

March 20, 1990.

Deborah B. Wafer, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of second degree assault, armed criminal action and unlawful use of a weapon. The trial court sentenced him as a prior and persistent offender to concurrent ten year prison terms for the assault and armed criminal action charges and to a consecutive five year term for the unlawful use of a weapon charge. He appeals; we affirm.

The evidence was that defendant initiated a fight with the victim while the victim and his family were having a barbecue in a park. Defendant produced a gun, and the victim stabbed him with a barbecue fork. As the victim was running away, defendant shot him in the head resulting in brain damage and paralysis. Defendant also threatened to "put a bullet in [the victim's mother's] head."

In his sole point on appeal, defendant contends he was subjected to double jeopardy by being convicted and sentenced both for assault and armed criminal action.[1] Any doubt about the constitutionality of trying a defendant both for armed criminal action and an underlying felony (i.e. a felony committed with the use of a deadly weapon) was laid to rest in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the same conduct under *Blockburger* [*Blockburger v. United States*, 284 U.S. 299 [52 S.Ct. 180, 76 L.Ed. 306] (1932) ], a court's task of statutory construction is at an end and the prosecutor may seek and the trial court impose cumulative punishment under such statute in a single trial.

*Id.* at 368–9, 103 S.Ct. at 679. The Missouri Legislature has specifically authorized such punishment:

> Nothing contained in any other provision of law ... shall prevent imposition of sentences for both armed criminal action and the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon.

---

1. This claim is made for the first time on appeal; thus our review is for plain error.

Section 571.017, RSMo 1986. Moreover, this court has held that no double jeopardy violation results from prosecution for assault with a deadly weapon and armed criminal action. *State v. Henderson*, 698 S.W.2d 596 (Mo.App.1985).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.